UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DAVID ELLIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:09-cv-131 |
| | ) Chief Judge Curtis L. Collier |
| STATE OF TENNESSEE | ) ) |
| Defendant. | ) |

### MEMORANDUM

Before the Court is a motion to dismiss brought by Defendant State of Tennessee ("Defendant") (Court File No. 16). Plaintiff David Ellis ("Plaintiff") filed a response (Court File No. 18) and Defendant replied (Court File No. 19). In support of the motion to dismiss, Defendant also filed a related motion to amend its answer (Court File No. 20), to which Plaintiff also responded (Court File No. 22). For the following reasons, the Court will **GRANT** Defendant's motion to dismiss (Court File No. 16), **GRANT** Defendant's motion to amend (Court File No. 20), and will **DISMISS WITHOUT PREJUDICE** Plaintiff's state law claims.

**I. PROCEDURAL HISTORY**

Plaintiff filed this lawsuit, alleging claims under the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.*, the Tennessee Disability Act, Tenn. Code Ann. §§ 8-50-103 *et seq.*, and the Tennessee Open Meetings Act, Tenn. Code. Ann. §§ 8-44-101 *et seq.* Defendant argues this Court should dismiss Plaintiff's claims under the Tennessee Disability Act and the Tennessee Open Meetings Act, because Defendant is entitled to immunity under the Eleventh Amendment for these claims. Plaintiff responded, arguing Defendant waived its immunity under the Eleventh Amendment

by failing to raise immunity in the answer and by acknowledging in its answer that this Court had jurisdiction over all of the claims asserted by Plaintiff. Defendant replied, arguing this type of immunity cannot be waived, and even if it could be waived, this Court should grant leave to amend the answer pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, allowing Defendant to raise immunity as a defense.

**II.    DISCUSSION**

The Eleventh Amendment bars suits by private individuals against a state in federal court, unless Congress has validly abrogated the state's immunity or the state has waived its immunity. *Nevada Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 726 (2003). A state may waive its immunity, however, through its conduct in litigation. *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005) (en banc). For example, in *Lapides v. Bd. of Regents of the Univ. Sys. of Georgia*, 535 U.S. 613 (2002), the Supreme Court held that a state who is involuntarily brought into a case as a defendant in state court cannot remove the action to federal court and then assert Eleventh Amendment immunity. *Id.* at 620. Waiver in this context is imposed to prevent inconsistency and unfairness, and to prevent the state from selectively using immunity to achieve litigation advantages. *Id.*

On that rationale, the Sixth Circuit has held a state "appearing without objection and defending on the merits" can also constitute waiver of sovereign immunity. *Ku v. State of Tennessee*, 322 F.3d 431, 435 (6th Cir. 2003). There, the State of Tennessee appeared involuntarily as a defendant in a case in federal court. Rather than asserting its Eleventh Amendment immunity, however, the State engaged in extensive discovery and then invited the district court to enter judgment on the merits. Only after the district court issued judgment against the State did the State

2

seek to assert its immunity. The Sixth Circuit found the State had waived its immunity in that regard, because its failure raised the same concerns of "inconsistency and unfairness" present in *Lapides*. *Ku*, 322 F.3d at 435.

This case is not like *Ku*, however, where the Sixth Circuit determined the plaintiff would be prejudiced by allowing the state to assert its immunity. Here, Defendant did not wait until the case was decided on the merits before it asserted its Eleventh Amendment immunity. The short period between its answer and its motion to dismiss is unlikely to have caused Plaintiff any prejudice. Moreover, as Defendant points out, both the motion to dismiss and the motion to amend the answer to add the immunity defense were both filed before the Court's imposed deadline for amendment to the pleadings. Without a risk of "inconsistency or unfairness," the Court finds no reason to impose a waiver of Defendant's immunity under the Eleventh Amendment. Likewise, the Court finds there would be no prejudice to Plaintiff in allowing Defendant to amend its answer to add a defense of immunity under the Eleventh Amendment. *See Coe v. Bell*, 151 F.3d 320, 341 (6th Cir. 1998) (stating factors the Court should consider in weighing a motion to amend); *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (recognizing need to allow amendment to add an omitted defense).

Therefore, Defendant should be allowed to amend its pleadings and assert its immunity under the Eleventh Amendment. Having reached this conclusion, the Court must now decide whether Plaintiff's state law claims should be dismissed in light of that immunity. Plaintiff appears to concede that it should, having made no argument to the contrary. Rather, Plaintiff asks that if Defendant is allowed to assert its Eleventh Amendment immunity, then the Court dismiss Plaintiff's state law claims without prejudice and allow them to proceed in a parallel state court action (Court

3

File No. 22, at 1).

The Court agrees with Plaintiff's concession that Defendant is entitled to dismissal of the state law claims under the Eleventh Amendment. The Eleventh Amendment bars suits by private individuals, unless the state's immunity has been abrogated by Congress, state legislation, or other waiver. *Hibbs*, 538 U.S. at 726. There has been no such congressional abrogation or state legislative waiver in the context of Plaintiff's state law claims. *See* Tenn. Code Ann. §§ 8-50-103 *et seq.* (Tennessee Disability Act); Tenn. Code. Ann. §§ 8-44-101 *et seq.* (Tennessee Open Meetings Act). Therefore, these claims should be dismissed without prejudice.

As to Plaintiff's request that the Court allow these claims to be brought in a parallel state court proceeding, the Court is not aware of any authority it has to allow or disallow these claims to be brought in another court. *See* Anti-Injunction Act, 28 U.S.C. § 2283 (disallowing a federal court from enjoining a state court proceeding except in narrowly defined circumstances). The Court, however, can grant Plaintiff's request, insofar as the Court will not impose any additional restriction on Plaintiff reasserting these claims in a different forum.

## III.   CONCLUSION

For these reasons, the Court will **GRANT** Defendant's motion to dismiss (Court File No. 16), **GRANT** Defendant's motion to amend (Court File No. 20), and will **DISMISS WITHOUT PREJUDICE** Plaintiff's claims under the Tennessee Disability Act and Tennessee Open Meetings Act.

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

5