UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DAVID ELLIS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STATE OF TENNESSEE, ) <br> ) <br> Defendant. ) | Case No. 1:09-CV-131 <br><br> Judge Curtis L. Collier |

## **MEMORANDUM AND ORDER**

This case is before the Court on remand from the United States Court of Appeals for the Sixth Circuit, which has directed the Court to address one jurisdictional matter. *See Ellis v. Tennessee*, 491 F. App'x 659, 661-62 (6th Cir. 2012). In this employment discrimination case, Plaintiff David Ellis ("Plaintiff") sued the State of Tennessee ("Defendant"), claiming that his former employer, the Bradley County Election Commission, discriminated against him on the basis of his disability. Plaintiff states these claims under the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*

### I.  PROCEDURAL HISTORY

This is not the first time these claims have been before the Court. Plaintiff first sued regarding these allegations in December 2006. *See Ellis v. Bradley Cnty., Tenn*, No. 1:06-CV-260, 2007 WL 1830756 (E.D. Tenn. June 22, 2007). In that case, Plaintiff alleged his employer was Bradley County, Tennessee. Bradley County filed a motion to dismiss on the ground that the State of Tennessee ("Tennessee"), not the county, was actually Plaintiff's employer. The Court dismissed Plaintiff's case on that basis, Plaintiff appealed, and the Sixth Circuit affirmed in an unpublished

order. *Ellis v. Bradley Cnty., Tenn.*, 387 F. App'x 516, 517 (6th Cir. 2008). The Sixth Circuit noted Plaintiff was "for all intents and purposes an employee of the State of Tennessee rather than Bradley County." *Id.*

Plaintiff then filed the present action against the proper defendant. Plaintiff's complaint alleges Defendant unlawfully refused him a reasonable accommodation and ultimately terminated his employment because of his disability, in violation of the Rehabilitation Act and the FMLA (Court File No. 1). Early in the litigation Plaintiff filed a motion for partial summary judgment requesting the Court rule that Plaintiff was an employee of the State of Tennessee and not Bradley County (Court File No. 8) (citing *Ellis*, 387 F. App'x 516). Defendant subsequently filed a motion for summary judgment on the merits, and Plaintiff responded with a counter motion for summary judgment on the merits (Court File Nos. 32, 47).

After determining the undisputed facts entitled Defendant to summary judgment, the Court granted Defendant's motion for summary judgment and denied Plaintiff's counter motion for summary judgment (Court File Nos. 54, 55). Because the Court had determined Defendant was entitled to summary judgment on the merits, it dismissed as moot Plaintiff's motion for partial summary judgment regarding whether the State of Tennessee was Plaintiff's employer. Plaintiff appealed.

On appeal the Sixth Circuit only reached the issue of whether this Court properly denied as moot Plaintiff's motion for partial summary judgment on the question of Plaintiff's employer. *Ellis*, 491 F. App'x at 661-62. The Sixth Circuit remanded, directing the Court to address Plaintiff's motion for partial summary judgment and the threshold jurisdictional question of the identity of Plaintiff's employer. *Id.*

## II. DISCUSSION

In its order remanding this case, the Sixth Circuit noted that while Defendant requested the that court reconsider the employer question, "[Defendant] does not point to any new facts, nor does it identify any new case law developments that might affect our finding in the previous case." *Id*. at 661.[1] Further, the Sixth Circuit concluded that "[w]e have already fully considered the relevant facts and legal standards regarding the substance of the employer issue contained in Ellis's motion for partial summary judgment, and we found that Tennessee was his employer . . . ." *Id.*

This Court therefore concludes that Plaintiff's employer was the State of Tennessee. Accordingly, the Court **GRANTS** Plaintiff's motion for partial summary judgment regarding the identity of his employer (Court File No. 8). Because the Sixth Circuit has only directed the Court to address that narrow issue, the Court does not revisit its previous summary judgment ruling regarding the merits of the case. The Court thus reaffirms that determination and incorporates herein by reference the Court's previous memorandum explaining its granting summary judgment on the merits to Defendant and denying it to Plaintiff (Court File No 53). Consequently, the outcome of the case remains the same: dismissal.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

---

[1] Defendant's court filing following remand likewise points to no new authority or evidence challenging this determination (Court File No. 59).

3